IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TRUSTEES OF THE NEW JERSEY B.A.C.
HEALTH FUND, *et al.*,

    Plaintiff,

v.

GRANIERI CONSTRUCTION &
RENOVATION, LLC and GRANIERI
HOMES, LLC,

    Defendants.

Civil No. 17-2239 (RBK/KMW)

**ORDER**

**KUGLER**, United States District Judge

    **THIS MATTER** having come before the Court upon Plaintiffs' Motion for Default Judgment (Doc. No. 7) and Defendants' Cross-Motion to Set Aside Default (Doc. No. 15);

    **THE COURT NOTING** that in evaluating whether to grant a motion for default judgment, a district court considers three factors: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable, *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), and that "there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable," *Trustees of the New Jersey B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc.*, No. CV 15-8359 (RBK/KMW), 2017 WL 784944, at *2 (D.N.J. Mar. 1, 2017); and

    **THE COURT ALSO NOTING** that Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default," a decision within the sound discretion of the district court,

1

*United States v. $55, 518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) ("in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits.");

**THE COURT NOTING** that "[a]ppropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984), and rather requires "the 'willfulness' or 'bad faith' of a non-responding defendant," *id.* (citations omitted);

**THE COURT FINDING** that Defendants did not respond in a timely manner to the Complaint, prompting a motion for default judgment, but that Defendants have since obtained counsel and filed an answer to the complaint, and aver that the apparent owner of Defendant entities, Frank Granieri, has sworn under penalty of perjury that he was not personally on notice as to the lawsuit against the companies until October 2017, belying the claim that Defendant has shown bad faith or willfulness and showing instead excusable negligence;

**THE COURT ALSO FINDING** that setting aside the default would not unduly prejudice Plaintiff, who will not be prejudiced by any loss of evidence, any increased potential for fraud, or its reliance on the entry of default, *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982), but will rather be merely delayed and obliged to prove the merits of its case;

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **DENIED**; and

**IT IS FURTHER ORDERED** that the Motion to Vacate (Doc. No. 15) is **GRANTED**. The Clerk of Court shall **VACATE** the Clerk's Entry of Default entered June 13, 2017.

Dated:     01/05/2018                                    /s Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge